**Rita SNORTON, Plaintiff–Appellant,**

**v.**

**John ASHCROFT, Attorney General of the United States, Defendant–Appellee.**

No. 00–3766.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2001 *.

Decided Aug. 6, 2001.

Before Hon. FLAUM, Chief Judge, Hon. EASTERBROOK, Hon. KANNE, Circuit Judges.

Order

Rita Snorton contends that she is a victim of race, color, national origin, age, and sex discrimination at the hands of the Immigration and Naturalization Service.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Hired by the INS in 1981 as a secretary, Snorton was promoted in 1988 to Immigration Inspector. Retaining that status depended on successful completion of the Immigration Officer Basic Training Course. Snorton took that 13–week course but did not pass, after which she was downgraded to the position of Investigative Assistant. In 1992 Snorton applied again for promotion to Immigration Inspector but was turned down. She then filed an administrative charge of discrimination. Both the INS and the EEOC concluded that no discrimination had occurred. Snorton next filed this suit, in which the district court granted summary judgment for the Attorney General (who as the head of the employing agency is the only proper defendant).

█ Although Snorton's administrative charge concerned the non-promotion decision in 1992, she has attempted in court to contest the demotion in 1989. The district court rightly concluded that the failure to file a timely (indeed, any) administrative charge bars this challenge, raised for the first time more than a decade after the events of 1989. Like the district court, therefore, we treat the events of 1989 as non-discriminatory. And on that assumption Snorton has no viable complaint about the non-promotion in 1992, for the INS has an anti-recycling policy. That is to say, the INS treats failure in the Basic Training Course as conclusive and denies its field offices the option of re-promoting its personnel to give them another chance to take and pass the course. Snorton cannot establish that this policy is a pretext for discrimination; it applies across the board, to employees of all races, ages, and other characteristics. The anti-recycling policy makes it irrelevant whether Snorton established a prima facie case of discrimination and whether she was otherwise as well suited for the position as the persons hired

or promoted in 1992: none of them had taken and flunked the Basic Training Course.

█ In this court Snorton tries to establish discrimination in a different way, observing that in 1993 a task force issued a report concluding that the proportion of management and officer positions held by women and members of minority groups is below that in lower-level jobs. These data might be part of a disparate-impact claim, but that is not an avenue Snorton pursues; nor does she contend that minorities (or older employees) fail the Basic Training Course at a disproportionately high rate. This suit was filed and prosecuted as a disparate-*treatment* claim, and as the district judge correctly held that claim is defeated by the INS's nondiscriminatory anti-recycling policy.

AFFIRMED